## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

|  |  |  |
|---|---|---|
| LISA MAE JENNINGS, | ) | CASE NO. 1:20-cv-2638 |
|  | ) |  |
|  | ) | JUDGE CHARLES E. FLEMING |
| Plaintiff, | ) |  |
|  | ) |  |
| v. | ) | **MEMORANDUM OPINION** |
|  | ) | **AND ORDER** |
| GENERAL MOTORS LLC, | ) |  |
|  | ) |  |
| Defendant. | ) |  |

### I.    Procedural History

Before the Court is Plaintiff's motion for class certification.  (ECF No. 36).  Plaintiff seeks to certify a class of: "[a]ll current owners or lessees of a 2011-2014 Chevrolet Avalanche, 2011-2014 Chevrolet Silverado, 2011-2014 Chevrolet Suburban, 2011-2014 Chevrolet Tahoe, 2011-2014 GMC Sierra, 2011-2014 GMC Yukon, and 2011-2014 Yukon XL manufactured on or after February 10, 2011 that was equipped with a Generation IV 5.3 liter V8 Vortec 5300 LC9 engine that was purchased or leased in the State of Ohio."  *Id*.

The putative class seeks to have Plaintiff's counsel, DiCello Levitt Gutzler, LLC and Beasley, Allen, Crow, Methvin, Portis & Miles, P.C., serve as class counsel under Fed. R. Civ. P. 23(g).  *Id*.  The motion seeks to appoint named Plaintiff, Lisa Mae Jennings, as the class representative.  *Id*.

Plaintiff moved for class certification on January 14, 2022.  (ECF No. 36 and 37). Defendant opposed certification on March 14, 2022.  (ECF No. 40).  Defendant also sought to exclude any opinions or testimony from two of Plaintiff's experts, Dr. Werner J.A. Dahm and Edward M. Stockton.  (ECF No. 41 and 43).  Plaintiff replied in support of her motion for class

certification on April 14, 2022.  (ECF No. 49).  Plaintiff filed supplemental authority in support of class certification on October 10, 2022.  (ECF No. 50).  Defendant filed a response to that filing on October 14, 2022.  (ECF No. 51).  Defendant then submitted supplemental authority in opposition to class certification on December 6, 2022.  (ECF No. 53).  Plaintiff responded to that submission on December 9, 2022.  (ECF No. 54).  Plaintiff filed additional supplemental authority on May 9, 2023, June 14, 2023, and August 25, 2023.  (ECF No. 55, 57, and 61).

For the following reasons, the Court **DENIES** Plaintiff's motion.

## II.  Legal Standard

To certify a proposed class under Federal Rule of Civil Procedure 23, the party seeking class certification bears the burden of proof to satisfy the four prerequisites enumerated in Rule 23(a) as well as one of the requirements of Rule 23(b).  *In re American Medical Systems, Inc.*, 75 F.3d 1069, 1079 (6th Cir. 1996).  Rule 23(a) requires: 1) the class is so numerous that joinder of all members is impracticable; 2) there are questions of law or fact common to the class; 3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and 4) the representative parties will fairly and adequately protect the interests of the class.  F.R.C.P. § 23(a).  Plaintiff is seeking certification under Rule 23(b)(3), which requires "the question of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy."  F.R.C.P. § 23(b)(3).

The Court must conduct a "rigorous analysis" to determine whether a proposed class complies with the Rule 23 requirements.  *In re Whirlpool Corp. Front-Loading Washer Products Liability Litigation*, 722 F.3d 838, 851 (6th Cir. 2013).  The requirements "serve to limit class claims to those that are fairly encompassed within the claims of the named plaintiffs because class

representatives must share the same interests and injury as the class members." *Id*. at 850 (citing *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 348–49 (2011)).  Rule 23 is not a mere pleading standard, it requires that the party seeking class certification "prove that there are *in fact* sufficiently numerous parties, common questions of law or fact, etc." *Id*. at 350.  The analysis to determine if the requirements have been satisfied frequently overlaps with the merits of the plaintiff's underlying claims because "the class determination generally involves considerations that are enmeshed in the factual and legal issues comprising the plaintiff's cause of action." *Comcast Corp. v. Behrend*, 569 U.S. 27, 34 (2013).

The Court has substantial discretion in determining whether to certify a class because "it possesses the inherent power to manage and control its own pending litigation." *Randleman v. Fidelity Nat. Title Ins. Co*, 646 F.3d 347, 351 (6th Cir. 2011) (citing *Reeb v. Ohio Dep't of Rehab. & Corr.*, 435 F.3d 639, 643 (6th Cir. 2006)).

### III.    Analysis

#### a.  Article III Standing

Defendant argues that the class cannot be certified because the putative class would include members who lack Article III standing.  (ECF No. 40, PageID 765).  Defendant contends that the proposed class will be composed primarily of members who never experienced the alleged defect in their vehicles and consequently did not suffer a "specific, materialized, and concrete harm fairly traceable to the defendant's challenged conduct." *Id*. (citing *TransUnion LLC v. Ramirez*, 141 S.Ct. 2190, 2214 (2021)).  Plaintiff responds that *TransUnion* held that monetary injury is a concrete injury under Article III, so all proposed class members have standing because they suffered a monetary injury by overpaying for their vehicles.  (ECF No. 49, PageID 2597–98).

Defendant alleges any members of the proposed class who did not have the alleged defect

manifest in their vehicle lack Article III standing. (ECF No. 40, PageID 765). Plaintiff cites to *In re Whirlpool Corp. Front-Loading Washer Prod. Liab. Litig.*, 722 F.3d 838, 857 (6th Cir. 2013), for the proposition that a defect does not need to manifest for a purchaser to have standing because they were injured at the point of sale. (ECF No. 49, PageID 2598). In *Whirlpool*, the Sixth Circuit held, "[b]ecause *all* Duet owners were injured at the point of sale upon paying a premium price for the Duets as designed, even those owners who have not experienced a mold problem are properly included within the certified class." 722 F.3d at 857. Plaintiff's theory of damages for the class is consistent with that contemplated in *Whirlpool*, so the Court finds that the putative class has Article III standing at this time.

### b. Federal Rule of Civil Procedure 23(a)(1)-(4)

#### i. Numerosity

The proposed class must be "so numerous that joinder of all members is impracticable." Fed. R. Civ. P. 23(a)(1). While there is no strict numerical test for numerosity, "substantial" numbers usually satisfy the requirement. *Daffin v. Ford Motor Co.*, 458 F.3d 549, 552 (6th Cir. 2006). Here, Plaintiff is not aware of the precise number of class members. She believes from what could be ascertained from records from GM that there are approximately 32,629 class vehicles. (ECF No. 37, PageID 440). Defendant does not challenge that the proposed class meets the numerosity requirement. Accordingly, the Court finds that Plaintiff satisfied the numerosity requirement because the joinder of that many members would be impracticable.

#### ii. Commonality

A question of law or fact satisfies the commonality requirement if it is "capable of classwide resolution—which means that determination of its truth or falsity will resolve an issue that is central to the validity of each one of the claims in one stroke." *Wal-Mart Stores, Inc. v.*

4

*Duke*, 564 U.S. 338, 350 (2011).  Commonality requires Plaintiff to demonstrate that the class members "suffered the same injury."  *Id*.  Raising a drove of common questions is not what matters for class certification, but rather the "capacity of a class-wide proceeding to generate common answers apt to drive the resolution of the litigation."  *Id*.

Plaintiff alleges that the class contains numerous common issues including proof of a defect in the vehicles as a result of the piston rings, whether GM was aware of and concealed the defect, whether GM breached express and implied warranties, whether GM's violations harmed Plaintiff and the members of the class, and the relief to which Plaintiff and the class is entitled.  (ECF No. 37, PageID 441).

Defendant merges its challenge to commonality with its challenge to predominance under Rule 23(b)(3).  (ECF No. 40, PageID 766–778).  Consequently, Plaintiff's reply also heavily intertwines analysis of the two elements.  (ECF No. 49, PageID 2599–2609).  For the sake of clarity, the Court will address Defendant's concerns in the predominance analysis rather than in analyzing commonality because Defendant's challenges relate more to the individual issues that would arise if the Court were to certify the putative class.

The only class claims that remain are breach of express warranty (count two) and breach of implied warranty in tort (count three).  (ECF No. 23).  To establish a claim for breach of express warranty under Ohio law, Plaintiff must show, "(1) the existence of a warranty; (2) the product failed to perform as warranted; (3) the plaintiff provided the defendant with reasonable notice of the defect; and (4) the plaintiff suffered an injury as a result of the defect."  *McKinney v. Bayer Corp.*, 744 F.Supp.2d 733, 753 (N.D. Ohio 2010).  To establish a claim for breach of implied warranty in tort under Ohio law, Plaintiff must show, "(1) a defect existed in a defendant's product that made it unfit for its ordinary, intended use; (2) the defect existed at the time the product left

the defendant's possession; and (3) the defect was the proximate cause of the plaintiff's injuries." *Szep v. General Motors, LLC*, 491 F.Supp.3d 280, 292 (N.D. Ohio 2020).

For the sake of the threshold analysis of commonality, the Court finds that both alleged class claims raise a common question among all class members concerning whether their vehicles contained the alleged defect concerning their piston rings.  The determination of the truth or falsity of this common question would resolve an issue that is central to the validity of each class claim in one stroke, so the Court finds that Plaintiff has met the commonality requirement.

> ### iii.  Typicality

Plaintiff argues that her claims are typical of the class claims because all the claims contain the common issue of vehicle defect.  (ECF No. 37, PageID 442).  Defendant contends that Plaintiff's claims are not typical of the entire class because she owns only one type of Class Vehicle, which she purchased new from a GM-authorized dealership, and the proposed class covers all current vehicle owners regardless of how, when, or in what condition they acquired their vehicles.  (ECF No. 40, PageID 778–79).  Defendant notes that Plaintiff's claims are not typical of the lessees included in the proposed class or any class members who were not on notice of the alleged defect.  (ECF No. 40, PageID 779–80).  Defendant further argues that Plaintiff is subject to a unique defense because of an arbitration agreement, so the Court should not find claims related to Plaintiff typical of the entire class.  *Id*. at 780.  Plaintiff responds that the statute of limitations and arbitration issues raised by Defendant are not sufficient to defeat typicality.  (ECF No. 49, PageID 2610).

Typicality requires that a sufficient relationship exist "between the injury to the named plaintiff and the conduct affecting the class, so that the court may properly attribute a collective nature to the challenged conduct."  *Sprague v. General Motors Corp*., 133 F.3d 388, 399 (6th Cir.

1998).  In other words, "as goes the claim of the named plaintiff, so go the claims of the class." *Id*.  The Sixth Circuit previously articulated certain discrepancies between named plaintiffs and potential class members that weigh against typicality, such as, "the type of car, the degree of repairs necessitated, the response to those repairs, the purpose for which the car was purchased, the individual circumstances and transactions surrounding each purchase…, and the extent of the injury suffered."  *Stout v. J.D. Byrider*, 228 F.3d 709, 717 (6th Cir. 2000).

The analysis of the typicality of Plaintiff's claims to the potential class fails for much the same reason that Airko was dismissed from the case previously.  Airko's breach of express warranty claim failed because Airko did not specifically plead that it experienced the alleged defect during the warranty term.  (ECF No. 23).  Plaintiff did not narrow the class definition to ensure that other class members would not be rejected for the same reason.  Consequently, a determination by the Court concerning Plaintiff's claim would not be typical and decide the claims of the entire class.  Additionally, Airko's breach of implied warranty in tort claim failed because it was a commercial buyer.  (ECF No. 23).  Plaintiff did not carve out commercial buyers in the class definition.  Plaintiff's claim would not be typical of any commercial buyer who meets the proposed class definition.

Defendant also noted that Plaintiff's claims would not be typical of individuals who purchased used vehicles where the warranty may have expired before they purchased the vehicle.  (ECF No. 40, PageID 778).  Plaintiff's claims are also not typical of the lessees included in the class.  Lessees negotiated for the contractual use of vehicles for a limited time with limited mileage, rather than complete ownership like Plaintiff.  *Id*. at 779.

The Court finds that these discrepancies between Plaintiff and potential class members render Plaintiff's claim not typical of the proposed class as it currently is defined.

### iv. Adequacy of Representation

#### 1. Adequacy of Class Representative

Plaintiff argues that she adequately protects the interests of the class because she shares the same theory of liability with the class and has actively participated in the litigation of this case. (ECF No. 37, PageID 443). Defendant responds that Plaintiff is not an adequate representative of the class because her claims are not typical of the entire putative class. (ECF No. 40, PageID 780). Plaintiff contends that her claims are typical, so she is an adequate class representative. (ECF No. 49, PageID 2611).

A plaintiff seeking to represent the class must demonstrate that she will fairly and adequately represent and protect the interests of the class. *Stout v. J.D. Byrider*, 228 F.3d 709, 717 (6th Cir. 2000). Class members must have interests that are not antagonistic to one another. *In re Dry Max Pampers Litigation*, 724 F.3d 713, 721 (6th Cir. 2013). "Interests are antagonistic when there is evidence that the representative plaintiffs appear unable to vigorously prosecute the interests of the class." *Stout*, 228 F.3d at 717.

Lack of typicality undermines the Plaintiff's argument for adequate representation. The typicality analysis highlights why Plaintiff would be unable to vigorously prosecute the interests of the entire proposed class. As previously addressed, Plaintiff's claims are not typical of commercial buyers and lessees included in the definition of the putative class. Consequently, Plaintiff is not an adequate representative of the current proposed class.

#### 2. Adequacy of Class Counsel

Plaintiff contends that proposed class counsel is adequate because they have significant experience litigating class action cases and intend to dedicate the resources needed to pursue this case to final resolution. (ECF No. 37, PageID 444). Defendant does not contest the adequacy of

class counsel in its opposition.  (ECF No. 40).  When appointing class counsel, the Court considers: "(i) the work counsel has done in identifying or investigating potential claims in the action; (ii) counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action; (iii) counsel's knowledge of the applicable law; and (iv) the resources that counsel will commit to representing the class."  Fed. R. Civ. P. 23(g)(1)(A).  If the Court were to certify a class in this case, proposed class counsel is adequate and would be appointed.

### c.  Rule 23(b)(3)

Under Rule 23(b)(3), a class must meet predominance and superiority requirements where "questions of law or fact common to class members must predominate over any questions affecting only individual members and class treatment must be superior to other available methods." *Sandusky Wellness Center, LLC v. ASD Specialty Healthcare, Inc.*, 863 F.3d 460, 466 (6th Cir. 2017).  The Sixth Circuit has additionally implemented an implicit standard of ascertainability for a 23(b)(3) class that requires "a class description that is sufficiently definite so that it is administratively feasible for the court to determine whether a particular individual is a member." *Cole v. City of Memphis*, 839 F.3d 530, 541 (6th Cir. 2016).

To determine predominance, the Court assesses "the legal or factual questions that qualify each class member's case as a genuine controversy" and "assess whether those questions are subject to generalized proof, and thus applicable to the class as a whole." *Sandusky*, 863 F.3d at 468.  "[T]he key is to identify the substantive issues that will control the outcome." *Id*.

Plaintiff contends that predominance is met through the commonality of the core argument that all Class Vehicles have the same piston rings and the primary cause of the excessive oil consumption in the Class Vehicles is the piston rings.  (ECF No. 37, PageID 445–46).  Plaintiff argues that damages are capable of measurement on a class basis because the class is entitled to

benefit-of-the-bargain damages, which are determined by the cost to repair the defect.  *Id*. at 449–50.

Defendant responds that Plaintiff ignores the fact that the relevant language of GM's Limited Warranty changed during the Class Period.  (ECF No. 40, PageID 770–71).  The express warranty claim would differ for individuals with a 2011 model year Class Vehicle because they were under different warranty language than the 2012 through 2014 model year Class Vehicles.  *Id*.  Defendant also contends that there are numerous individualized inquiries concerning the express warranty claim that the Court would need to determine.  These individual inquiries would include whether that vehicle experienced the alleged defect within the time and mileage limitations of the warranty, whether the owner or lessor sought repair during the warranty term, and whether the vehicle already received the repair that Plaintiff determined to be adequate to address the alleged oil consumption issue.  *Id*. at 772.

Defendant argues that individual issues would also predominate when considering the implied warranty claim because there will need to be an individual inquiry as to whether each Class Vehicle is for business or personal use.  *Id*. at 774.  The applicable statute of limitations on both the express and implied warranty claims is an additional individual issue.  *Id*. at 775.  Defendant challenges that the cost of repair proposed by Plaintiff is not uniform and cannot be determined on a class basis because there is no typical or common cost of repair, particularly when some repairs were performed under warranty at no cost to the individual.  *Id*. at 776.

Plaintiff admits that the class should be narrowed with respect to her express warranty claim to 2012-2014 model year vehicles.  (ECF No. 49, PageID 2602).  Plaintiff cites to three issues that predominate for the express warranty claim: "(1) whether the vehicles piston rings are defective, (2) whether the defect reduces the value of the car, and (3) whether GM's Limited

Warranty covers the defect." (ECF No. 49, PageID 2603). Plaintiff argues that the individual inquiry as to whether the class members were commercial buyers and any inquiry concerning a statute of limitations defense will not predominate over the other issues central to the implied warranty claim. *Id*. at 2605–07.

As previously noted, there is a common question regarding whether the class vehicles have the alleged defect. However, the above arguments highlight that the class definition is too broad. The volume of individual issues the Court would have to decide concerning which class members would be eligible for relief would overwhelmingly predominate the Court's time and resources over the central question in this case. The current class definition could also present issues of ascertainability because the current owners or lessees of the Class Vehicles could be constantly changing during proceedings. Consequently, the Court finds that Plaintiff has not met the conditions of Rule 23(b)(3).

### IV. Conclusion

Due to the lack of typicality, adequacy, and predominance, the Court **DENIES** Plaintiff's motion for class certification. (ECF No. 36). The Court will allow Plaintiff the opportunity to file a new motion for class certification with an amended proposed class definition by **October 26, 2023**. Factors Plaintiff should consider in fashioning a new proposed class include, but are not limited to: 1) the applicable express warranty language, 2) individuals who purchased a vehicle outside of the warranty period, 3) differences between owners and lessees, business and personal use, 4) experiencing the defect during the warranty term, 5) vehicles repaired for free under warranty, and 6) the differing prices of repair.

Due to the lack of a certified class, Plaintiff's motion to appoint class counsel is **DENIED**. Defendant moved to exclude the opinions and testimony of Plaintiff's experts, Dr. Werner J.A.

Dahm and Edward M. Stockton.  (ECF No. 41 and 43).  As the Court was able to reach a decision on class certification without reliance on evidence from either expert, both motions are **DENIED AS MOOT**.  Defendant is free to raise any concerns regarding any future expert evidence provided by Plaintiff in future motions for class certification or future dispositive motions.

**IT IS SO ORDERED**.

Dated:  September 11, 2023

_____

**HONORABLE CHARLES E. FLEMING**
**UNITED STATES DISTRICT JUDGE**

12