**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| LISA MAE JENNINGS, | ) | CASE NO. 1:20-cv-2638 |
| | ) | |
| | ) | JUDGE CHARLES E. FLEMING |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| GENERAL MOTORS LLC, | ) | |
| | ) | |
| Defendant. | ) | |

## I. Procedural History

Before the Court is Defendant's motion to compel arbitration. (ECF No. 68). Defendant moved, pursuant to the Federal Arbitration Act, 9 U.S.C. § 2, for an order compelling arbitration of Plaintiff's remaining claims due to an arbitration agreement in the retail purchase agreement between Plaintiff and the dealership. (ECF No. 69, PageID #3406). Defendant argues: 1) the retail purchase agreement in question is a valid and binding arbitration agreement, 2) Plaintiff's claims fall within the scope of that arbitration agreement, and 3) Defendant is entitled to enforce the terms of that arbitration agreement due to equitable estoppel. (*Id*. at PageID #3408–14).

On January 12, 2024, Plaintiff opposed Defendant's motion. (ECF No. 79). Plaintiff contends: 1) Defendant lacks standing to enforce the arbitration agreement, 2) equitable estoppel does not apply, 3) the arbitration agreement does not apply to disputes between Plaintiff and Defendant, and 4) Defendant waived any right it may have had to enforce the arbitration agreement. (*Id*. at PageID #5066).

On February 12, 2024, Defendant replied in support of its motion. (ECF No. 83). Defendant alleges that it did not waive the right to arbitrate because its motion to compel was its

1

"first substantive filing since receiving the Court's ruling on the previously pending motions." (*Id*. at PageID #6539).

For the following reasons, the Court **DENIES** Defendant's motion.

## II.     Analysis

While this motion was pending, the Sixth Circuit issued a decision in *Schwebke v. United Wholesale Mortgage LLC*, 96 F.4th 971 (6th Cir. 2024) that is dispositive as to the waiver issue in this case.  Prior to the Supreme Court's decision in *Morgan v. Sundance, Inc.*, 596 U.S. 411 (2022), the Sixth Circuit determined waiver of arbitration agreements under a two-part rule.  *Schwebke v. United Wholesale Mortgage, LLC*, 96 F.4th 971, 974 (6th Cir. 2024).  A party waives an agreement to arbitrate when it, "(1) takes actions that are completely inconsistent with any reliance on an arbitration agreement; and (2) delays its assertion to such an extent that the opposing party incurs actual prejudice."  *Id*.  The Sixth Circuit held that at a minimum, *Morgan* eliminated the prior prejudice requirement.  *Id*.  Without the prejudice requirement, the Sixth Circuit found:

> UWM participated in extensive discovery—producing tens of thousands of pages of documents, taking and defending depositions, and issuing third-party subpoenas—without ever mentioning arbitration.  That discovery was nearly complete when, seven months into the case, UWM moved to compel arbitration.  Under our precedent, UWM implicitly waived its right to compel arbitration because its conduct was completely inconsistent with reliance on its arbitration right.

*Id*. at 977.

The parties are in agreement that Defendant received a copy of the arbitration agreement in March 2022.  (ECF No. 83, PageID #6539).  On March 14, 2022, Defendant filed its opposition to class certification (ECF No. 40), motion to exclude the opinions and testimony of Plaintiff's expert Dr. Werner J.A. Dahm (ECF Nos. 41 and 42), and motion to exclude the opinions and testimony of Plaintiff's expert Edward M. Stockton.  (ECF Nos. 43 and 44).  On April 4, 2022,

Defendant replied in support of those motions.  (ECF Nos. 47 and 48).  On October 14, 2022, Defendant filed a response to a notice of supplemental authority that Plaintiff filed.  (ECF No. 51).  On December 6, 2022, Defendant filed a notice of supplemental authority.  (ECF No. 53).  On May 19, 2023 and June 27, 2023, Defendant filed responses to additional notices of supplemental authority filed by Plaintiff.  (ECF Nos. 56 and 58).  The Court issued its ruling on Plaintiff's motion for class certification on September 11, 2023.  (ECF No. 62).  Defendant did not move to compel arbitration until November 30, 2023.  (ECF No. 68).  Defendant filed that motion simultaneously with three other motions, including a motion for summary judgment.  (ECF Nos. 70, 72, and 75).

Like *Schwebke*, these actions and their associated timeline are inconsistent with reliance on any potential arbitration right Defendant may have.  Defendant received the arbitration agreement in March 2022 and waited nearly two years (20 months) to seek to compel arbitration.  No explanation has been given for the protracted delay in doing so.  The Court finds that Defendant waived any right it may have had to compel arbitration.  Defendant's motion to compel arbitration is **DENIED**.  (ECF No. 68).

**IT IS SO ORDERED**.

Dated:  September 9, 2024

                                                      **HONORABLE CHARLES E. FLEMING**
                                                      **UNITED STATES DISTRICT JUDGE**